All right, our next case is Wright v. Commissioner of Internal Revenue. We'll give just a moment for the attorneys to have an opportunity to get settled at their desks. All right, Mr. DeRuzzo, whenever you're ready. Good morning, may it please the court. Joseph DeRuzzo on behalf of the appellant taxpayer Fannie Wright. In this case, the tax court erred in two respects. First, it erred in denying the respective motions to hold 7443F unconstitutional. And two, it erred in failing to make the factual determination as to whether my client filed a valid joint income tax return with their spouse. Can I ask you a question, which is, in my mind, a threshold question with respect to the first issue you've raised. What what remedy are you seeking? And this is a Collins v. Yellen's question, a yelling question. What sort of what sort of compensable harm is there? Have you really alleged any from this removal restriction violation? And I know that you know all about this, because I know that you litigated Rodriguez where Rodriguez says, hey, didn't show us any compensable harm. And so I'm now wondering, like in the light of Rodriguez, have you done better here or no? To be honest, I don't know if I have. Because this this has been a somewhat evolving area of law. But I would say this, given that the way I look at it is, this case, when you deal with a judge, the closest thing that we have, in my perspective, is the Lucia case, where it was a remand for another trial in front of a different judge. The cases where Celia Law, Collins, and to lesser extent, Arthrex, those are very, very different, you know, claims, they didn't deal with it with a judge or an ALJ, like it did in Lucia. And so the remedy that I seek of a remand and a retrial before a new judge, I think is is is pretty common. This court remands for new trials all the time, and a new trial before a new finder or fact would not be inappropriate. And I would turn the court's attention to footnote five in the Lucia decision, where it talks about appointments clause remedies are designed not only to advance those purposes directly, but also to create incentives to raise appointment clause challenges. That's best accomplished this, this goal by providing a successful litigant with a hearing for a new judge. But how does that? How does that give you compensable harm? I either the appointment or the removal of the judges? And now, the answer is, we're just going to send you to another judge who was appointed or removed in the same way. How does that fix the  Well, I think it fixes the problem because then you have, and it's going to depend on how the court rules on the nature of the constitutional violation. I guess I would I would have thought you would say some version of like, well, no, no, no, I don't want you to send me back to the same old judge who's appointed and removed in the same way. I want you to send me back to a completely reconstituted tax court that's done some other way. But like, given the nature of your of your constitutional challenge, you think that the tax court itself is unconstitutional for one reason or another. So you don't want us remanding you back to the same old tax court you want us the compensable harm is I would assume that you would have to say, send me back to a tax court judge, who's not unconstitutional. No, I would say this. I don't think I understand because now I think I'm on team Rosenbaum. I don't think I understand how to join the team. You know, sort of what what the compensable harm is, if we're just sending you back to the same old unconstitutional tax court. So if this were determines that the the subsection F is problematic under Article Two under the take care clause, then I would submit that this case looks more like Arthrex. And then in Arthrex, the Supreme Court did not order a new trial before the new patent judge, but it did allow for the director of the PTO to review the decisions of the of the the the patent judge, but this seems very different than Arthrex and in a few ways, I mean, for starters, in Arthrex, the patent judges weren't appointed, or able to be removed under certain circumstances by the president, it was by a lower officer, right? Correct. Okay, so that seems like a major difference. Would you disagree? I think that's a that's not a difference in kind, but but a degree, I think that the the thrust of Arthrex was that the president didn't get to remove the, the patent judges, and therefore, the remedy was to allow the president to do that. And then to have the director to be able to review the decisions of the judges directly. So it wasn't the finals, final say of the PTO. Okay, so here's another another question. I just want to make sure I understand how the process works. And it seems to me that before anything can get to the tax court, the Secretary will have made a final determination of relief, right? And so we'll know that the Secretary will also have had the opportunity to present its case to the tax court or to just grant the taxpayers request. And the government also has the ability to appeal to an Article Three forum. So where is the violation? Well, I believe that the case law in Arthrex talks about review outside of Article Two, cannot provide the necessary supervision. And then Arthrex talks about the duties of the patent judge partake of the judicial quality as well as the executive, but the patent judges are still exercising executive power must remain dependent upon the president. So if this court determines that the subsection F is problematic for Article Two purposes, then I would think the appropriate remedy would be similar to Arthrex. On contrast, if this court concludes that it's a separation of powers problem, then I think the remedy is to excise that portion of subsection F, and then remand to the tax court judge, I think under Lucia to a new judge. But if this court doesn't think that's appropriate, then the court could follow Celia law where, in essence, the problem was removed, and it went back down to, to determine whether the, the director, the new director ratify the decision. And so I think when you when you look at it that way, you could, although I would counsel against it, send it right back down to Judge Gale to see if he would make the same decision. But again, I submit that runs headlong into the language of footnote five, and Lucia, that you don't really expect that a judge acting in his judicial capacity, when he gets a case on remand, to make a different determination. So I think in the context of judges acting as judges, it just makes sense to remand to a new drug new judge for a new trial, which may ask you the question this way. Is there any allegation in this case? That or any evidence in the case that the President was prevented from removing the tax court judge, by virtue of a lower court decision that he didn't have the power, didn't have the basis to rule in the case? Is there any allegation at all here that the President was prevented from removing this judge? No, there's I know nothing. And when you say why I asked the question, I think so. Is there any allegation in this case, that the President disapproved of the decision of the tax court judge? No, in this case, so that the judge might have altered his behavior in some way that would have benefited the taxpayer? No, I didn't a legend. And I have, you understand, I asked the questions, because those are kinds of the exceptions and Supreme Court throws out in this case. So, again, where is the compensable harm flowing from the allegedly unconstitutional nature of this provision? Well, I submit, Judge Marcus, that the the the statutory scheme, again, infects the process. And again, I really have to just to couch my terms in that answer and in comparing, is this a separation of powers problem? Or is this an article to take care problem? Because if it's an article to take care problem, similar to what I was at the DC circuit, included in the crim decision, then I think the the remedy is clear, similar to arthritis is that you remove that provision and allow the President to remove the tax court judge at will, which is the same offending language here that the Supreme Court found problematic in free enterprise and Supreme Court found problematic in Celia law. Let me ask the follow up question. Just assume with me for the purposes of my question, that there is no compensable harm, and that therefore, we're going right to the merits of the case without addressing the constitutional issue, which is an interesting one, but one that constitutional avoidance doctrine strongly suggests we ought to be silent about here. Tell me about the merits of the case. Where was the error in the tax court's determination? The error of the tax court's determination was that there is no finding as to one way or the other, as to a valid joint return. In order to have my client be assessed a tax, there needs to be either a valid joint return, or she needs to file an individual return, or the government, the IRS needs to file a substitute for return under 6020, subsection B. So if there is no valid joint return, and there's been no allegation, there's nothing in the record to suggest that there is a return under 6020 B, then there is no assessment by the government or by the taxpayer. And as a result, my client doesn't owe any tax. So the threshold question of whether there is any tax depends on whether there is a valid joint return, and that decision needs to be made in order to make the determination whether my client is entitled to relief under the innocence file provision under 6015. Thank you very much. Thank you. Thank you. All right. We'll hear next from Ms.  Good morning, Your Honor. May it please the court. I'm Bethany Hauser on behalf of the Commissioner of Internal in this case, because as the court has already discussed, there is no showing of compensable harm that not even an allegation of compensable harm. Can I ask you maybe the flip side of the compensable harm question? Is there in this complaint, effectively a request for a declaratory judgment in of the PCAOB variety, you know, so in PCAOB, the court says, Look, the challengers have asked for both an injunction and a declaration, we're not giving them the injunction, but we'll effectively give them the declaration. And in asking to strike the language, or either in whole or in part of the offending statute here, is that a request for a declaration of the PCAOB variety that would sort of like, is it like a second path, like there's like the Collins versus Yellen path compensable harm. And then there's this kind of like this rogue PCAOB thing. Um, I think the the answer to that might be restricted to the answer to that in this case might only have to do with the tax court, because the tax court doesn't have jurisdiction to issue declaratory judgments independent of deciding the cases in front of it.  right, jurisdiction of the tax court is limited. Yes, it has no power to act on a deck action, right? That's right. Yeah, I guess I'm just using the declaratory judgment as as an analogy. Okay, is the argument here that that it would be a sufficient remedy to strike? That's the terminology I think to strike in whole or in part this language? Is that in effect, a request for a declaration of the sort that the PCAOB court seemed to think was kind of good enough for government work? I mean, if, if, if it's just a comment about the law that doesn't have an effect on the outcome of the case, I don't see how the tax court could pass on it. And since this court's jurisdiction on appeal is to review the decision of the tax court, I don't see how this court could reach it either. Even if in district court cases, there might be a different result. And so so the only other question I have about the sort of the remedy piece of this, the threshold remedy pieces, under Collins, the Supreme Court clearly says, as Judge Marcus was asking your adversary, like, was the president thwarted, you know, in actuality, or sort of in the ether and removing someone? No, not really. And I think, to his great credit, he says now. But then Collins does go on to say, and then there are like these less obvious ways, kind of what I call the might clauses. Is there any might clause remedy here? Is there any indication that one of the tax court, tax court judge might have done something different? I don't... Had he known he was unconstitutional, I guess, is the answer or the question? I don't, I cannot think of any reason that this case would have come to the attention of any president, to be honest, Your Honor. While we are talking about the tax court judge and the possibility of remedy, I just think it's worth letting the court know that Judge Gale was a tax court judge at the time of this case went into senior status and has now fully retired. So if this court were to remand, there would be no possibility of it going back in front of Judge Gale. But this court should not remand on the merits because the tax court Judge Gale decided it correctly. Ms. Wright is not entitled to innocent spouse relief. She's not entitled to innocent spouse relief because the tax from which she is seeking relief is tax on her own income. And there's no abuse of discretion in a conclusion that a person owes tax on their own income, even if they filed a joint return. Had she not filed, had the court also reached the issue and decided that she had not filed a joint return, that would be an alternative reason for saying she's not entitled to relief. It's simply an alternative reason and courts not required to reach every alternative reason to deny relief. It is not a jurisdictional question because the court's jurisdiction in a 6015 case is simply to determine what relief is available under this section under 6015. Joint and several liability is not imposed by section 6015. The question of whether it was even a valid assessment is not imposed by section 6015. And so the tax court's jurisdiction and a standalone 6015 case like this is very narrowly simply to decide whether she's entitled to relief under that section and she is not. So that was correctly decided and should be affirmed. Can I can I ask you one sort of big separation of powers question. One of the things that is sort of vexed me about this case is that it seems like when Congress created the tax court in the 20s, it clearly like sort of stuck it in the executive branch in so many words. And then in 69, and more recently after Koretsky, Congress seems to have rethought this and says like, in fact, it's an agency independent of the outside of and independent of the executive branch. But it doesn't seem to me that the fundamentals of the tax court have changed from the 20s to now. And I'm just having a hard time figuring out whether because I just have to confess, like, I'm a little suspicious of the Congress's sort of like the say so theory, like, because we've decided it's no longer in the executive branch, it's no longer in the executive branch. But if I'm being honest with myself, I have to admit to some hypocrisy, because I, I grant Congress the benefit of the doubt on the front end, when Congress creates it, and just says, it's in the executive branch. I'm like, oh, well, it's in the executive branch. But 100 years later, when Congress says no, it's not. Intuitively, I think, like, you can't do that. But why do I let them do it on the front end, and not on the back end? And like, sort of what is Congress's say so have to do with where this agency actually resides? I do think there is one substance, you're correct that the presidential removal statute is unchanged since 1926. And all they did in 1926 was add the hearing provision. So the presidential removal, presidential removal, and the limitations on that removal are unchanged for over 100 years, despite all of these developments in the tax court. And so that that does seem to indicate that there has not at a fundamental level, something about the court is unchanged over all that time. That said, there is one important distinction that Congress has made in that period in the original statutes, the tax court was established as the Board of Tax Appeals as an independent agency. Now, in its most recent post Koretsky amendment, the tax court is explicitly held to be not an agency. And whatever agency isn't really a constitutional term, but it is a statutory term. And so it's to the extent there are statutes that refer to agencies and define agencies, require agencies to comply with statutes like FOIA, the tax court is not an agency for those purposes. And that is an important change and reflects probably the changing law over the course of that century. And the fact that Congress realized that this body, whatever it was, was not an agency as that term had been come to be understood after the Administrative Procedure Act and the development of modern administrative law. And do you think that affects the sort of what I'll call the constitutional housing issue, like where this non agency agency lives? Governmental body. I believe it continues to reside in the executive branch. It continues, it continued to exercise executive power, does it the court Congress says it's not in the executive branch. Bankruptcy courts are not sort of administratively in the bankruptcy in the executive branch, but they exercise Article One power, not Article Three power. So this falls more clearly into an executive function than the bankruptcy court. Yes. And it's more clearly tied to the executive because bankruptcy judges are neither appointed by nor removable by effectively, we don't have to answer this, of course. But effectively, it's housed in the executive branch, isn't it? Yes, it's Congress has said no, but they don't. And insofar as that's a constitutional question, what Congress has said about it is, it's a way of indicating perhaps their commitment to the idea of an independent adjudicator, which they have also indicated that commitment by making these judges removable, but only for costs. We should focus on the powers that it exercises and the characteristics of its makeup. One, if we get to this question, right, I mean, it's not whatever branch someone said it was in is not outcome determinative, you would agree? Yes, I agree that the Congress cannot tell this court how to answer that question. Just by using those words, Congress has told the court information about that by giving the powers to the end function to the tax court. And this court would look at the powers and the and the functions of the tax court. And just so for my own kind of edification and attempted intellectual purity, that's true, both on the front end, and on the back end, like in the same way, I wouldn't like I'm suspicious of crediting Congress's say so in 69, or post Koretsky. Likewise, I should be suspicious of when Congress in the 20s says like, hey, we're creating something and we're lodging it in the executive branch to judge Rosenbaum's question, we should say like, okay, that's nice. Like, thanks for telling us that. But we're going to look at the fundamentals of what this thing does. Yes, I think that's right. I think in 1924, Andrew Mellon had originally who was then the Secretary of the Treasury wanted this board to be inside the Treasury. So perhaps it was a gesture to him, you should be suspicious. The court has no other questions about the separation of powers or the correct decision of the tax court. In this case, I will see the rest of my time. Thank you. All right. Thank you, Miss Houser. We'll hear again from Mr. DeRuzzo. Mr. DeRuzzo, let me again ask one question. This is a Collins question. We talked about it a little bit before. Is there any reason to think, in this case, that the President had any interest in the resolution of this case event about the application of the innocent spouse relief issue? No, Judge Marcus, I can't say in good faith that that anyone from the administration that the White House reached out to me on on this case or, or anything of that nature. So you understand why I asked? I understand why you asked. But the answer is what the answer is, Judge. If I may just follow up. So I'll confess, as I think Judge Marcus has indicated as well, I think if to the extent your path to remedy is Collins, you lose. Is there, I'll ask you the same question that I asked your adversary. Is there a second way for you? Is there what I call the PCAOB path, the sort of declaration by analogy path? I mean, I have to confess, I feel like it's a bit of a reach. But I also when I read PCAOB, I think like, is that what they did there? Like, I can't quite tell. Well, I would say this wrong agreement, the DEC action statute is not applied to the tax. Right. Right. But just an analogy. But understood. But but the tax does have the ability to to address constitutional challenges before it. And because it has the ability to address constitutional challenges before it, it also has the ability to create an appropriate remedy to alleviate or that constitutional problem. So in what I'm asking for here, the remedy to subsection F, that's something that the tax court could give. And it looked like just so just so I sort of have it in my head, like, what would the what would the tax court say? And what would it do? Sure. If you determine that it's an Article Two problem, a take care clause problem, then the tax court could say, yeah, we are executive branch entity, and that the president's removal power that the Supreme Court found problematic in free enterprise and Celia, that it can strike that and make the tax court judges removable at will, that would fix the that would fix a problem that would make the tax court judges accountable to the president consistent with all other to all the Article Two actors, I guess I'm asking like a blocking and tackling question, like if the Declaratory Judgment Act doesn't apply in the tax court, what like with the order of the tax court doing what you just described to me sort of say, like, sure, how it sounds like a declaration. That's the reason I asked. I understand. It sounds like a declaration. Yeah. But I don't think there's any other way you can get there. Because if the tax court is undisputed, it can if the tax court can address a constitutional question, it has to have the ability to give the appropriate remedy to the constitutional violation. Otherwise, the tax court would say there's a violation of insert whatever constitutional provision. And then so what is the like, you wouldn't be able to you wouldn't be able, the equation would be half baked, you don't look at one side of the equation, and not the other. And that wouldn't resolve the case of controversy. Would it also though, be sort of the like, it's the non declaration declaration, but it's like sort of doubly problematic, because it's also kind of like in the air, as your adversary said, like, if there's no injunction attached to this declaration, like, you can see me kind of struggling trying to figure out what the tax court's order would say. And if there's like, if the declaratory Judgment Act doesn't apply to begin with, so now it's going to give sort of like the non DJ action declaration. But if now there's no injunction attached to it, what is what is that? What does it do? What does it like do for your clients? The declaration in the air is the way I think of it now. Now the same and frankly, in fairness, I think you could ask the same question about PCA OB. I get a judgment, but I would submit that it would get me the same relief that was provided in our threats. And that would be the President would be allowed to remove the tax court judge at will. And that decision from the tax court would be the tax rules binding throughout the tax court. And, and that would be the state of the law at the time. And so that would be the remedy, but that'd be no different than any other remedy in any other case where we're a court district court of claims tax court says, here's a constitutional problem. Here's a solute solution. So but but turning to your question about the tax court in this place in our in our in our constitutional firmament. I can't see and I still have yet to hear a reasoned distinction between the court of claims, which resolves tax cases and takes into case takings cases among other against the federal government. And that if that court is an article one court, why wouldn't that be an article two court exercising executive branch power? And then the removal provision under by the Fed Circuit? Why wouldn't that be problematic? I just can't see a world where tax court judges, adjudicating tax cases, and quarter claims judges adjudicating tax cases, that there is any significant or any meaningful difference for constitutional purposes. And which is why I still have yet to receive an answer. But I believe I think it's apparent, either the tax court is under Article Two, and and the President has the authority to take care. And then the court of claims should be or there are not and then we have a separation of powers problem. So I thank you for your time. All right. Thank you, counsel.